Keller *v.* Myers.

---

---

SAM'L AND JOHN KELLER, Executors, etc., *v.* JACOB MYERS, Adm'r.

PRACTICE AND PLEADINGS. *Administrator. Scire facias. Plea thereto.* On *scire facias* against an administrator to show cause why a judgment against him as such should not be satisfied out of his own property, it is a good plea at law that the judgment was rendered as a compro. mise judgment upon an agreement to look only to the real assets of the intestate.

---

FROM GREENE.

---

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

E. C. REEVES for Keller.

ROBINSON & MALONEY for Myers.

FREEMAN, J., delivered the opinion of the court.

June, 1874, plaintiff recovered a judgment against defendant as administrator of Joseph Day, deceased.

No plea of want of assets or fully administered was interposed by defendant. On this judgment execution was issued and returned *nulla bona.*

At February term, 1876, on suggestion of a *devastavit,* a *sci. fa.* issued, to hold defendant personally liable on said judgment.

Several pleas were filed by defendant, which were demurred to, and the demurrer sustained. Defendant declined to plead further, and judgment was rendered, to revese which he brings the case to this court.

The first plea simply avers that the defendant had not been guilty of any waste or *devastavit.*

This plea was properly overruled. The judgment rendered, to be levied of the goods and chattels of the deceased in his hands, was, by all the decisions of this court, conclusive as an admission of assets, certainly so in a court of law.

The case cited, 10 Yer., 434, is not in point. It only holds that the administrator may defend, and if he can show that these were goods of the deceased, which might have been taken in execution be relieved thereby from personal responsibility; that he might show he had assets when the suit was brought. The case from 1 Yer., 399, does not refer to the question. The plea alleges no such state of things, and the judgment on it was correct.

The defense, that there were real assets, is not good, as the personalty in the hands of the administrator is unquestionably the primary fund for payment of debts, and on the assumption that this has been by him wasted, he is estopped from turning the cred-

itor over to the realty, and charging the lands of the heir with the debt.

The fifth plea, filed in 1879, the case having pended up to that period, presents more difficulty. It is substantially that the defendant and plaintiff, in order to end the litigation in the original case, agreed, if defendant would permit the judgment to go against him, as was done, and make no defense, and would proceed to procure a sale of the land to pay the judgment, he would take the proceeds of such land, whether sufficient or not, in satisfaction of the judgment, and look to no other source for the payment.

It is then averred that in consideration of this agreement the judgment was allowed to go, and that he proceeded in good faith to procure a sale, and got a decree for said purpose, which was superseded by the heirs, but that he was still prosecuting said suit, the same being then pending.

The case of *Newnan* v. *Stuart*, 5 Hay., top. p., Coop. ed., clearly recognizes such an agreement, relied on by the defendant, by which he was lulled into security, and permitted the judgment, as ground for relief in equity, and equally recognizes the doctrine, that such defense might have been relied on at law to the *sci. fa.* S. p., 85. We can see no reason why the doctrine of the case is not sound, nor why a party may not show a fraudulent advantage, defeating the plaintiff's claim, as well in a court of law, as in a court of equity. If, as insisted, the party had been guilty of bad faith, and had broken his contract to procure the sale of the land, by failure to perform it,

then this might have been replied to the plea, and an issue made on such breach, and thus the matter of his plea have been met. The result is, the judgment is reversed, and the case remanded to be proceeded with on this plea.